FILED'10 AUG 16 07:55 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MICHAEL T. BROWN,

        Petitioner,        Civil No. 10-6178-AA

        v.                      ORDER

ALTA J. BRADY,

        Respondent.

AIKEN, District Judge.

    Petitioner has filed an amended petition as ordered by the court. However, the amended petition fails to provide the necessary information for the court to screen the petition. The petition is deficient in numerous respects and fails to state a claim cognizable under 28 U.S.C. 2254. A threshold obstacle is the "in custody" requirement.

    Therefore, in order to proceed, petitioner is required to show cause within 30 days of the date of this order why his petition should not be denied on the ground that he is not "in

1 - ORDER

custody" for purposes of seeking habeas corpus relief.

A petition or motion for habeas corpus relief must be filed by a person who is "in custody" at the time of filing. See, 28 U.S.C. §§ 2241(c), 2254(a), 2255.; see also, Chacon v. Wood, 36 F.3rd 1459, 1462 (9th Cir. 1994) (habeas corpus petition not moot based solely on petitioner's subsequent release from custody). The custody requirement is satisfied if an un-incarcerated petitioner is subject to restraints not shared by the public generally. See, Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (release prior to service of sentence); Jones v. Cunningham, 371 U.S. 236, 242-43 (1963) (release on parole).

An expired or completely served sentence does not meet the in custody requirement, even if that sentence could subsequently be used to enhance a future sentence, unless the petitioner is serving the second of consecutive sentences. See, Garlotte v. Fordice, 115 S.Ct. 1948, 1952 (1995) (consecutive sentences); Malenge v. Cook, 490 U.S. 488, 491-92 (1989)(per curiam) (basis for later enhancement).

In this case, petitioner seeks to challenge a September 11, judgment of conviction for "unauthorized use of vehicle." Petitioner alleges that the length of his sentence is "unknown." Accordingly, petitioner sentence *appears* to have been completely served or has expired. Therefore, petitioner has not established that he is in custody for purposes of challenging the conviction he seeks to challenge in this

2 - ORDER

proceeding.[1]

Petitioner is allowed 30 days to show cause in writing why this proceeding should not be dismissed on the ground that he is not in custody for purposes of 28 U.S.C. § 2254. Petitioner is advised that failure to show cause as directed herein will result in the dismissal of this proceeding for failure to prosecute.

Petitioner's "Motion for Summary Judgment" (#5) is denied.

IT IS SO ORDERED.

DATED this 13 day of August, 2010.

_____
Ann Aiken
United States District Judge

---

[1] Petitioner application to proceed in forma pauperis indicates that he is not in custody at all.

3 - ORDER